## In re LAISTER–KAUFFMANN AIRCRAFT CORP.

### No. 11159.

United States District Court,
E. D. Missouri, E. D.
Feb. 27, 1951.

232

Barksdale, Abbott & Thies, St. Louis, Mo., for debtor.

George C. Willson, George A. McNulty, St. Louis, Mo., for trustee.

HULEN, District Judge.

Applicants ask an allowance of $9,000, as fair and reasonable compensation for legal services rendered from October 4, 1946 to January 2, 1951, as attorneys for the debtor. Attached to the application is an exhibit accounting for 454-3/4 hours' time.

At the hearing Mr. Abbott, of the applicant firm, testified that the application was prepared by him from the files of the office—some matters being supplied from memories of Mr. Barksdale and the witness. Mr. Abbott testified that in his opinion the services rendered were necessary for the advancement of the proceedings and for the protection of the debtor's assets, and that they were "very appropriate and necessary".

This proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. was initiated by the debtor filing a petition on October 4, 1946.

On July 14, 1948 the applicants filed a claim for allowance of the balance due on account of attorneys' fees of $1,838.99. This claim was for services from "August 29, 1946 to October 21, 1946". The trustee filed objection to this claim for all services performed subsequent to the filing of the petition under Chapter X, and on January 2, 1951 the applicants withdrew the claim.

At the hearing on the present claim the trustee offered in evidence two invoices by which the applicants had billed the debtor for legal services in the amount of $6,000, the first invoice dated September 4, 1946, and the second invoice dated October 3, 1946. The invoice dated September 4th reads as follows: "To Retainer Fee on account for services rendered and to be rendered to your company in connection with its termination claim and the company's financial conditions which have resulted from the failure of the Government to date to negotiate settlement of said claim, and specifically to include any and all services to be rendered in assisting your officers in the negotiations and collection of said termination claim; and such services as may be necessary in connection with the filing of a petition for corporate reorganization under Chapter X of the Bankruptcy Act, if such be authorized by your Board of Directors, and such services as shall be necessary in representing the company's interests in such proceedings ............. $3500.00".

The invoice dated October 3rd reads as follows: "To Additional Retainer Fee on account for services rendered and to be rendered to your company in connection with its termination claims against the United States Government and your company's financial conditions, which have resulted from the failure of the government to date to negotiate settlement of these claims, and specifically to include any and all services to be rendered in assisting your officers in the negotiation, prosecution, and collection of said termination claims; services to be rendered in connection with the institution of legal proceedings against the government to collect other claims in your behalf arising out of contracts with the government and the prosecution, negotiation or settlement of such claims by litigation or otherwise; and such services as may be necessary in connection with the filing of a petition for corporate reorganization under Chapter X of the Bankruptcy Act, if such petition is filed, and such other services as may be necessary in representing the company's interests in such proceedings ............. $2500.00"

The $6,000 represented by the two invoices was paid by debtor and received by the applicants.

Referring to the $6,000 payment, $2,500 of which was paid the day preceding filing of the petition herein, Mr. Abbott testified:

"* * * and we agreed with them that they would give us another payment, and that payment was agreed upon but was not paid until October 3d, and how much of it was consumed up to that time, I am not able to say definitely.

"Q. Your present position in the matter is that the $6,000.00 was reasonable compensation for services rendered to the Debtor between August 31, 1946, and October 4, 1946? A. No. I made no such statement.

"Q. Then I am still misunderstanding you. I am sorry. What did you mean by your statement about the retainer having been consumed? A. There was two payments. You introduced them both this morning, Mr. McNulty.

"Q. That is right. A. The first one was made on September 4th, and some time during the month of September we took up with the Debtor, discussed with him and agreed with him that that payment had been consumed and that we should have an additional payment. Then they agreed to give us—I think it was $2500.00 more. They did not get around to paying it until October 2d or 3d, whenever it was. And so I have made no statement as to how much was consumed of the entire amount prior to October 4th."

" * * * We did not want to have an overlapping bill, and I don't think we do have, and we don't think our claim here should contemplate anything prior to October 4th, and we think that we should account for the services up to October 4th against that retainer, and if we can not account for it, why, then we should pay it back. That is our position."

### I.

It is now the position of the applicants that any unearned portion of the $6,000 received by them as attorneys' fees, as of October 4, 1946, is subject to reexamination only under Section 60, sub. d, of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. d. Section 60, sub. d, provides that if the debtor shall pay money, in contemplation of filing a petition in bankruptcy, to an attorney for services to be rendered, the transaction shall be reexamined "on petition of the trustee or any creditor and shall be held valid only to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate." We would agree with applicants' position

as to inquiry procedure of the fees paid them and recovery of any unearned portion, if that were the only matter involved in the present proceeding. Applicants by this present application for fee allowance are attempting to have this Court make them an allowance for attorneys' fees for services and covering a period for which they have already received compensation from the debtor. Neither the spirit, purpose, nor terms of the Bankruptcy Act contemplate administration of assets of a bankrupt estate by such methods. (Collier on Bankruptcy, Supp. V. 3, p. 1580.)

The application does not comply with Rule 23(d) (2), Bankruptcy Rules of the United States District Court for the Eastern Judicial District of Missouri, which provides that application for compensation for services as attorney for the bankrupt shall state "the amount of compensation requested for such services and the amount of compensation *received from the bankrupt* * * *".

Applicants occupy a position not unlike other creditors of the bankrupt estate, when it becomes a question of right to receive payment for a claim against the estate, even of a preferred nature. Section a regarding proof and allowance of claims 11 U.S.C.A. § 93 provides—"A proof of claim shall consist of a statement under oath, * * * and whether any and, if so, what payments have been made thereon; * * *". Subsection g of the same section provides that the claims of creditors who have received or acquired preferences, liens, conveyances, "void or voidable under this title, shall not be allowed unless such creditors shall surrender such preferences * * *".

The section on set-offs and counterclaims 11 U.S.C.A. § 108, sub. a, provides: "In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

It is our opinion the sections of the Bankruptcy Act on allowance of claim of creditors not only show the reasonableness of the local bankruptcy rules but

point the way for a proper presentation and adjudication of the claim of applicants, under the circumstances.

### Order.

Application of Barksdale, Abbott and Thies, for compensation for services rendered as attorneys for the debtor is denied without prejudice.